His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
This is a damage -suit against a vendor of property for falsely asserting that it was not leased when in fact it was.
The plaintiff averred that in September, 1915, he purchased of Mr. and Mrs. Anton Weiss, the defendants herein, the property No. 3032 S. Robertson Street; that, they informed him that the leas.e on said property ex *417 pired on December 31st, 1913, and that the lessee had no-privilege of renewal; that after the sale he ascertained that the lease contained a privilege of renewal for two years, and that the lessee had made it known that he intended to exercise the privilege; that he had purchased said property for the purpose of running a 'barroom, and that by reason of said lease he was unable to get possession of the property and that he has thereby suffered a loss exceeding $500.
The defendants admit the sale and the lease with privilege of renewal; they deny having told plaintiff that the lessee had no privilege of renewal, 'but aver that on the contrary plaintiff had been told before the sale that there was a privilege of renewal; they deny knowing that plaintiff had purchased the property to run a bar, but aver that on the contrary, he had stated that he was not going to move into the place, but would leave it as it was.
There was judgment for defendant and plaintiff has appealed.
The turning point in the case is whether the defendants told plaintiff there was no privilege of renewal or suppressed the fact that there was such a privilege. The burden of proof is upon the plaintiff.
The act of sale makes no mention of any lease, 'much less of any privilege of renewal; on the contrary it recites that according to the certificate from the Register of Conveyances “it will appear that said vendor has not alienated the above described property.” The truth is, however, that there was a lease ending December 31st, 1913, containing the following clause: “It is understood and agreed that the lessees have the privilege of Teasing the premises for two years more after the expiration of the present term at the same rental and -at their option.” *418 It is also true that the certificate of conveyance was before the parties at the time the sale was passed, and that it contained mention of the lease but not of the privilege of renewal.
Anton Weiss testified that he told plaintiff there was a lease on the place, but did not tell him when it expired because he was never ashed, nor did he sa.y there was no privilege of renewal; the lease was for $32 a month; plaintiff said he would leave the place just as it was; that he would not move into it; he did not say that he would occupy it himself.
Tony Conti, the broker who negotiated the sale says that Weiss stated the lease expired in January, and that in six months the property would belong to him; that there was no privilege and no lease on it after that; he did not hear anything said about -a privilege; after the sale he heard plaintiff tell defendant he would move into the property.
Mr. Marchesi testifies that he heard Mr. Weiss tell Mr. Farrugia that he had a three months’ lease; he did not hear anything said about a privilege.
The plaintiff testifies that Mr. Weiss told him ‘cy°u. got three months more privilege on the place, and after that you can take the place;” he discovered the privilege of renewal only after the sale; he could not get possession of the property because the occupant refused to give it up.
Mrs. Weiss did not tell plaintiff the lease would run out in two or three months; she never spoke to plaintiff; she was present when the agreement of sale was made and heard her husband tell plaintiff there was a lease.
Louis P. Weiss, defendants’ son, was present at the agreement of sale; plaintiff was told there was a lease *419 on the place, hut nothing was said about the right of renewal; plaintiff did not say to what use he intended to put the property.
It thus appears that the only testimony for the plaintiff was his own and that of Tony Conti. The only certain fact about their deposition is that they were told that the property was under lease; neither could specify the duration of the lease, and certainly neither said that they had been told by defendants that there was no privilege of renewal; both spoke bad English and their testimony is rambling, contradictory and not sufficiently certain to be the foundation of a judgment. It appears to us that at the time of sale it was immaterial to the plaintiff whether the place was leased or not. If he purchased for an investment, it was a considerable advantage to him to have the Southern Park Realty Co., an offspring of the New Orleans Brewing Co., as a tenant; if he intended to occupy the property himself he should have so stated and should have made a, closer investigation into the conditions of the lease. There was neither suppression of the truth nor assertion of what was false concerning the lease; he was told of it; he knew it was in writing; he knew it was registered; he could have had access to it if he had only exerted himself.
The testimony- does not establish that plaintiff made it known to the defendants that he desired to occupy the premises himself. The plaintiff does not testify to it. His witness, 'Conti, says that the plaintiff made that statement after the sale. The defendants not only deny that plaintiff expressed such a desire, but testify that he said he would not make any change in .the place.
C. C., 1825 (1819):
“The error in the cause of a contract to have the effect of invalidating it, must be on the principal *420 ■cause,'when there are several; this principal cause is called the motive and means that consideration without which the contract would not have been made. ’ ’
Opinion and decree, May 19th, 1916.
C. 0., 1826 (1820):
“No error in the motive can invalidate a contract unless the other party was apprised that it was the principhl cause of the agreement, or unless from the nature of the transaction it must be presumed that he knew it. ”
The trial Judge was of the opinion that the plaintiff had failed to make a certain case and so are we. His judgment is therefore affirmed.